[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant application presents the following issue:
Whether the court may allow the plaintiff to substitute a $100,000.00 bond for $875,832.44 in mechanics liens when it is apparent that there is not enough equity in the property to reach the junior mechanics lienholder?
The property has been appraised at $3,270,000.00. The plaintiff, first mortgage holder, has a claim for $4,260,600.00 plus interest. Real property taxes still owed on the property are $250,000.00. J.F. Barrett Sons has filed four mechanics liens in the total amount of $865,832.44 on the property. These liens are all junior to the first mortgage and the taxes.
General Statutes § 49-37 (a) allows the court to dissolve a mechanics lien when the movant in a foreclosure action who intends to contest the lien has offered a bond "with sufficient surety conditioned to pay to the lienor or his assigns such amount as a court of competent jurisdiction may adjudge to have been secured by such lien, with interest and costs." Once the lien is dissolved, the former lienholder may bring an action upon the bond. Id.
Where a bond has been substituted for a mechanics lien, the principal or surety on the bond may apply to the court for a hearing as to whether the bond should be reduced in amount, as CT Page 6611 long as there is no prior action pending on the bond. General Statutes § 49-37 (b)(1).
Pursuant to General Statutes § 49-37 (a), the court may only allow the movant to substitute a bond that secured the same amount as that which is secured by the lien. Only after the bond has been posted do the principal and surety have the opportunity to test the validity or amount of the liens. Even then, there is no authority for reducing the amount of the lien solely based on priority.
Consequently, plaintiff's application is denied.
/s/ West, J. WEST